PETITION OF JAMES A. BONN for a writ of *Habeas Corpus.*

Under Pub. Stat. R. I. cap. 248, § 9, a boy was sentenced to the state reform school during his minority, or, in the alternative, to the state workhouse and house of correction for six months. The board of state charities and corrections received him into the reform school, and afterwards, under Pub. Stat. R. I. cap. 254, § 9, transferred him as incorrigible to the workhouse and house of correction, where he was kept for more than six months. The board then returned him to the reform school.

On *Habeas Corpus:*

*Held*, that the removal to the workhouse and house of correction, and the time of detention there, was discretionary with the board.

*Held*, further, that such removal was not under the alternative sentence.

*Held*, further, that his continued detention in the reform school was legal.

Comparison made between Pub. Stat. R. I. cap. 253, § 8, and cap. 254, § 9.

*January* 23, 1892. TILLINGHAST, J. The petitioner prays for a writ of *habeas corpus* to secure the release of his minor son, Walter Bonn, who, it is alleged, is illegally imprisoned and deprived of his liberty by one James H. Eastman, of Cranston, in this State, under the pretence that said imprisonment is by virtue of a sentence of the District Court of the Sixth Judicial District, passed on the 22d day of December, 1890. The proof offered in support of the petition revealed the following facts: That said Walter Bonn was adjudged guilty of vagrancy in the District Court on the day and year aforesaid, and was sentenced to the state reform school during his minority, or, in the alternative,[1] to the state workhouse and house of correction for the period of six months, and in the latter case to pay all costs of prosecution and conviction. That thereafterwards said Walter became incorrigible, in the judgment of the board of state charities and corrections, and was by them on the 7th day of March, 1891, removed, with the *mittimus* committing him thereto, to the state workhouse and house of

---

[1] Pursuant to Pub. Stat. R. I. cap. 248, § 49, as follows : —

SECT. 49. Whenever any person under the age of eighteen years shall be convicted by any court of any criminal offence, such court may sentence such person to the state reform school for a term not less than two years, nor longer than his minority, or to such punishment as is otherwise provided by law for the same offence ; and if the sentence be to the reform school, then it shall be, in the alternative, to the state reform school, or to such punishment as would otherwise have been awarded.

correction, under the provisions of Pub. Stat. R. I. cap. 254, § 9. That said Walter remained in said state workhouse and house of correction, under and by virtue of said transfer, until October 13, 1891, when, by the order of said board, he was returned with said *mittimus* to said state reform school, where he is now held. That said James H. Eastman is the superintendent *pro tempore* of said state reform school, and claims to hold said Walter under and by virtue of said *mittimus*, and the action of said board thereunder.

The petitioner contends that said Walter was committed to said state workhouse and house of correction in pursuance of said alternative sentence, and that, having served out the full term thereof, he is entitled to his discharge. The respondent, on the other hand, contends that said Walter was not committed to said state workhouse and house of correction in pursuance of said alternative sentence, but, in pursuance of the provisions of said § 9 of chapter 254, for disciplinary purposes only, and hence that he is not entitled to be discharged.

It will be seen upon an examination of Pub. Stat. R. I. cap. 253, cap. 254, that the General Assembly evidently intended to make the state reform school and the state workhouse and house of correction primarily reformatory institutions. And in order to carry out this intention, they conferred large discretionary powers upon the board of state charities and corrections. Section 8 of said chapter 253, and § 9 of chapter 254, clearly manifest this intention. They are as follows: —

Cap. 253, § 8: "If any minor shall, upon any conviction, be sentenced to said school, and the said board, or any two of them in the absence of the others, shall deem it inexpedient to receive him, or if he shall be found to be incorrigible, or his continuance in the school shall be deemed prejudicial to the management and discipline thereof, or if the State shall close said school, they shall certify the same upon the *mittimus* by virtue of which he is held, which *mittimus*, together with the minor, shall be delivered to the sheriff or his deputy, who shall forthwith commit said minor to the jail, state workhouse and house of correction, or state prison, as the case may be, in pursuance of the alternative sentence provided for in chapter two hundred and forty-eight, section forty-nine, or until

such time as his improved character and conduct may, in the judgment of the board, make his return to the reform school advantageous to himself and safe to the other inmates of that institution, when he may, with the *mittimus*, be returned by the board to said school."

Cap. 254, § 9 : "The board may cause any inmate of the state reform school who shall be deemed incorrigible, or an unfit person to remain therein, to be removed, with the *mittimus* committing him thereto, to the state workhouse and house of correction, there to remain until the expiration of the term of the sentence stated in the *mittimus*, or until such time as, in the opinion of the board, said inmate may be returned, with the *mittimus*, to said school without detriment to the other inmates thereof. The board may cause any person sentenced to the jail in the County of Providence, whenever in their opinion it shall be for the interest of the State and of such sentenced person, to be removed, with the *mittimus* committing him thereto, to the state workhouse and house of correction, there to remain until the expiration of the term of the sentence stated in the *mittimus*. And every person sentenced to the state workhouse and house of correction, or removed thereto in the manner above provided, who shall escape or attempt to escape therefrom, may be returned thereto, and shall, on conviction of such escape or attempt to escape, be imprisoned in the state workhouse and house of correction not less than six months nor more than twelve months in addition to the previous sentence. The board may cause any inmate of the state workhouse and house of correction, who shall be by them deemed to be a dangerous or unfit person to remain therein, to be removed, with the *mittimus* committing him thereto, to the jail in the County of Providence, there to remain until the expiration of the term of the commitment stated in the *mittimus*."

Under the provisions of either of these sections, the said board, in their discretion, may cause any inmate of said school to be removed to the state workhouse and house of correction. But the mode of effecting such removal, and the consequence thereof, is quite different under the latter section, which was the first enacted, from what it is under the former. Under the latter section, the board, upon determining that an inmate of the school is incorrigi-

ble, or an unfit person to remain therein, may simply remove such inmate, with the *mittimus* committing him thereto, to the state workhouse and house of correction, until the expiration of the term of his sentence, that is, the sentence to the said school, or until he may properly be returned, with the *mittimus*, to said school. Such removal, however, in no wise affects the sentence of the inmate, he continuing to remain, in contemplation of law, an inmate of said school; his temporary removal being for disciplinary purposes only, as far as he is concerned.

Under the former section the board, if they deem it inexpedient to receive a person sentenced to said school, may refuse to do so, in which case, the fact of their refusal being properly certified on the *mittimus*, he is at once committed, under his alternative sentence, to such other institution as may be designated therein. And in such case the board have no further power of removal, but must allow him to serve out the term of his said alternative sentence, and then be discharged from imprisonment.

If received into said school as an inmate thereof, and he afterwards becomes incorrigible, or his continuance in the school is deemed prejudicial to the management and discipline thereof, he may then be transferred to the jail, state workhouse and house of correction, or state prison, as the case may be, in pursuance of his alternative sentence. And when thus transferred he must remain and serve out said sentence the same as if he had been originally committed thereunder. It will be seen, therefore, that said board may exercise their discretion in making a transfer from said school to said state workhouse and house of correction, that is, they may transfer an inmate absolutely, and without power of recall, under said section eight, or conditionally with power of recall under said section nine. But the removal in the latter case, not being in pursuance of the alternative sentence, the length of time that such inmate shall remain in said state workhouse and house of correction is entirely discretionary on the part of said board, provided, of course, that they cannot detain him therein beyond the time for which he was sentenced to said school.

The person whose release is sought to be obtained in the case at bar was not removed to said state workhouse and house of correction in pursuance of his alternative sentence, but in pursuance of

the provisions of said section nine. And hence, notwithstanding the fact that he was detained therein for a longer period than that of his alternative sentence, yet he is clearly not entitled to his discharge.

We think it is quite evident that the main object of the General Assembly, in the passage of said section eight, was to provide a method whereby the inmates of said school who should become incorrigible might be lawfully removed, in pursuance of their alternative sentence, to the institution therein named; there not being any provision in said section nine, or elsewhere, for such removal.

The latter portion of said section eight apparently gives to the board similar disciplinary power over the inmates of said school to that conferred by said section nine. But however this may be, it is clear that the latter section confers such power, and that there is no repugnancy between the two, and no reason why they should not both be allowed to stand.

We desire to suggest that the petition in this case does not comply with the provisions of Pub. Stat. R. I. cap. 228, § 3,[1] in that no copy of the process under which the prisoner is restrained is annexed to or presented with said petition.

<em>Petition denied and dismissed.</em>

*John E. Conley*, for petitioner.

---

[1] As follows : —

SECT. 3. Application for such a writ (of *habeas corpus*) shall be made to the Supreme Court, if in actual session in any county, and, if not, to any justice of said court, by complaint in writing, signed by the party for whose relief it is intended, or by some person in his behalf, setting forth : —

*First.* The person by whom and the place where the party is imprisoned or restrained, naming the prisoner and the person detaining him, if their names are known, and describing them if they are not known.

*Second.* The cause or pretence of such imprisonment or restraint, according to the knowledge and belief of the person applying. If the imprisonment or restraint is by virtue of any warrant or other process, a copy thereof shall be annexed, or it shall be made to appear that a copy thereof has been demanded and refused, or that for some sufficient reason a demand of such copy could not be made. The facts set forth in the complaint shall be verified by the oath of the person making the application, or by that of some other credible witness, which oath may be administered by the court of justice to whom the application is made, or by any justice of the peace or notary public.